### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

THE SPECIAL EDUCATION OF    )
SARA BASSMAN    )
          Plaintiff,    )      No. 08 C 03153
    )
        v.    )      Judge Der-Yeghiayan
    )
CHICAGO PUBLIC SCHOOLS,    )      Magistrate Michael Mason
DISTRICT #299    )
          Defendant.    )

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, Board of Education of the City of Chicago, incorrectly sued as Chicago Public Schools, District #299 (hereinafter "Chicago Board"), through its General Counsel Patrick J. Rocks and Senior Assistant General Counsel Kathleen M. Gibbons, moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's Complaint with prejudice. In support of its motion, the Chicago Board states:

#### I.    Statement of Facts

Plaintiff, born June 13, 2000, was a student in the Chicago Public Schools prior to attending the Keshet private school in Northbrook, Illinois. *See* Exhibit A ¶1, Plaintiff's Complaint. Pursuant to the Individuals with Disabilities Education Act (IDEA) 20 U.S.C. §1400 *et seq.*, the Chicago Board conducted a psychological evaluation on the Plaintiff in March 2006. *Id.* at ¶2. In May 2006, the Chicago Board determined that Plaintiff had a mild cognitive impairment qualifying her for special education and related services and developed an Individualized Education Program (IEP) for her. *Id.*

In November 2007, Plaintiff requested the Chicago Board pay for an Independent Educational Evaluation (IEE). *Id.* at ¶¶4-5.

The Chicago Board responded by requesting an impartial due process hearing to demonstrate the appropriateness of its evaluations and challenge the IEE request. *Id.* at ¶6. On January 8, 2008, the Chicago Board moved for summary judgment, but the independent hearing officer ("IHO") denied the motion on February 27, 2008 finding that a genuine issues of material fact existed and the hearing should continue. *Id.* at ¶7-9. On May 1, 2008, the Chicago Board and Plaintiff entered into a settlement agreement. *Id.* at ¶10. The settlement agreement did not contain any provisions that Plaintiff was the prevailing party or that she could seek reasonable attorneys' fees. *Id.* On June 2, 2008, Plaintiff's counsel filed the instant matter seeking payment of attorneys' fees in the amount of $16,804.50. *Id.* at ¶14A.

## II.    Argument

### A. Standard of Review

A complaint should be dismissed if it appears clear that "no relief could be granted under any set of facts that could be proved consistent with allegations." *Ledford v. Sullivan*, 105 F.3d 354, 357 (7th Cir. 1997). In deciding a motion to dismiss, the court must treat all well-pleaded factual allegations in the complaint as true and must draw all reasonable inferences from those allegations in the plaintiff's favor. *Thompson v. Ill. Dep't of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002). The court need not strain, however, to find inferences favorable to the plaintiff, which are not apparent on the face of the complaint. *Id.* It is not required to ignore facts set forth in a complaint which

undermine a plaintiff's claim. *Hamilton v. O'Leary*, 976 F.2d 341, 343 (7th Cir. 1992). Nor is a court required to accept legal conclusions alleged or inferred from the pleaded facts. *Nelson v. Monroe Reg'l Medical Center*, 925 F.2d 1555, 1599 (7th Cir. 1991).

### B. Interim Orders Denying Motions for Summary Judgment Are Not Judgments on the Merits, and Confer No "Prevailing Party" Status

The Plaintiff asserts that when the IHO issued an interim order denying the Chicago Board's motion for summary judgment, that this order was a judicial *imprimatur* granting prevailing party status upon her. *See* Exhibit A ¶13. This supposition lacks legal support for two reasons. First, an interim order made against the Chicago Board does not confer prevailing party status upon the Plaintiff because such interim orders are temporary, tactical "victories" that do not address the merits of the plaintiff's claims, and therefore "do not create a right to attorney's fees." *Hunter v. Leininger*, 15 F.3d 664, 670 (7th Cir. 1994). "An interlocutory ruling … 'is not the stuff of which legal victories are made.'" *Buckhannon Bd. & Care Home, Inc. v. West Va. Dept. of Health & Human Resources*, 532 U.S. 598, 604 (2001), *citing Hewitt v. Helms*, 482 U.S. 755, 760 (1987). Prevailing party status can only be conferred when there is a judgment on the merits, a consent decree, or some similar form of judicially sanctioned relief. *Id.* Therefore, the interim order entered by the IHO in the instant matter does not confer prevailing party status upon Plaintiff entitling her to recover reasonable attorneys' fees.

Second, the denial of the Chicago Board's motion for summary judgment did not confer victory upon the Plaintiff. The denial of a motion for summary judgment because of unresolved issues of fact does not settle or even tentatively decide anything

about the merits of the claim. *Switzerland Cheese Ass'n v. E. Horne's Market, Inc.*, 385 U.S. 23, 25 (1966); *aff'd by Donovan v. Robbins*, 752 F.2d 1170, 1172 (7th Cir. 1985). It is strictly a pretrial order that decides only one thing – that the case should go to trial. *Id.* In the instant matter, the IHO's order merely allowed Plaintiff to proceed to a full hearing on the merits. Given that plaintiff lacks the status of prevailing party, she cannot collect attorney's fees, pursuant to IDEA, 20 U.S.C. § 1415(i)(3)(B)(i)(I). Thus, her Complaint should be dismissed with prejudice.

### C. Private Settlements Do Not Confer Prevailing Party Status Upon Plaintiff

The law is unequivocally clear that IDEA cases resolved by private settlements do not confer prevailing party status. *Buckhannon Bd. & Care Home, Inc. v. West Va. Dept. of Health & Human Resources*, 532 U.S. 598, 604 (2001)(Private settlements do not require judicial approval and oversight, and therefore, were not agreements that conferred prevailing party status. Settlements result in a defendant's voluntary change in conduct, which while perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lack the necessary judicial *imprimatur* on the change.); *T.D. v. La Grange School District No. 102*, 349 F.3d 469, 471 (7th Cir. 2003)( In denying an IDEA fee claim, the 7th Circuit held that private settlements do not involve sufficient judicial sanction to confer 'prevailing party' status.) Without "prevailing party" status, a parent may not seek attorneys' fees. IDEA, 20 U.S.C. § 1415(i)(3)(B)(i)(I), 2004.

4

The private settlement that resolved this case confers no prevailing party status upon the Plaintiff. Without such status, the Plaintiff cannot pursue her action for attorney's fees, and her Complaint should be dismissed with prejudice.

### III.   Conclusion

For the reasons stated above, the Chicago Board requests that Plaintiff's Complaint seeking $16,804.50 in attorney's fees be dismissed with prejudice.

Respectfully submitted,

PATRICK J. ROCKS
BOARD OF EDUCATION OF THE CITY OF CHICAGO

By: s/ Kathleen M. Gibbons
    Kathleen M. Gibbons
    Senior Assistant General Counsel
    Board of Education of the City of Chicago
    125 S. Clark Street, Suite 700
    Chicago, Illinois 60603
    (773) 553-1700

### CERTIFICATE OF SERVICE

I, Kathleen M. Gibbons, an attorney, do hereby certify that I caused the attached Defendant's Motion to Dismiss Plaintiff's Complaint to be served upon counsel of record via CM-ECF E-Filing pursuant to General Order on Electronic Case Filing, Section XI(C), on this 25th day of July 2008.

s/ Kathleen M. Gibbons
Kathleen M. Gibbons
Senior Assistant General Counsel
Board of Education of the City of Chicago
125 S. Clark Street, Suite 700
Chicago, Illinois 60603
(773) 553-1700

# EXHIBIT  A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED

| | |
|---|---|
| THE SPECIAL EDUCATION OF SARA BASSMAN | ) ) ) |
| Movant, | ) |
| v. | ) ) |
| CHICAGO PUBLIC SCHOOLS, SD #299 | ) |
| Respondent | ) ) ) |

J IN - 2 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

No. 08

Honorable

JUDGE DER-YEGHIAYAN

MAGISTRATE JUDGE MASON

Complaint

NOW COMES the Movant, SARA BASSMAN (SARA), by and through her attorneys,

Wayne and Jemilo, and pursuant to 20 U.S.C. 1415(i)(3)(B) and IL Dist. Ct. of IL Fed.R.Civ.P. 54,

moves this Honorable Court for an order requiring the Respondent, Board of Education of

Chicago Public Schools, District No. 299 (District) to pay immediately, the sum of $16,804.50,

the same being the amount of fees and costs SARA incurred in her request for an Independent

Education Evaluation at District Expense.  In support thereof SARA states as follows:

1.      SARA, born June 13, 2000, was a student in the Chicago Public School System

prior to attending the Keshet private school in Northbrook, Illinois.

2.      In March of 2006 Chicago Public Schools (CPS) conducted a psychological

evaluation and followed up with an Individualized Education Program (IEP) in May of 2006,

both of which characterized SARA'S primary disability as one of "mild cognitive impairment," a

designation that upon information and belief, was erroneous.

3.      From July, 2007 through October, 2007, SARA, through her attorney, requested

CPS to evaluate and develop a new IEP for SARA.  Through this process, SARA hoped to

consider the District's view of SARA'S current educational and functional needs and the services that it would offer to provide her with a free appropriate public education.

    4.      SARA did not initially seek to receive a publicly funded Independent Educational Evaluation ("IEE") but did so only when her continued request for a CPS evaluation was blatantly ignored for more than four months.

    5.      On November 7, 2007 SARA submitted a request for an IEE at District expense.

    6.      On November 14, 2007, the District submitted a request for a due process hearing to demonstrate the appropriateness of the District's evaluation and to challenge SARA'S request for an IEE.

    7.      Between November 14, 2007 and January 7, 2008,  Sara's attorney and the District's attorney communicated and met with the Hearing Officer, and pre-trial orders were entered.

    8.      On January 8, 2008, the District Submitted a Motion for Summary Judgment and SARA submitted a response thereto.

    9.      On February 27, 2008, following briefing and oral argument, the Due Process Hearing Officer, Mary Schwartz, issued an Interim Order denying the District's Motion for Summary Judgment. *See, Interim Order: District's Motion for Summary Judgment, a true and correct copy of which is attached hereto as Exhibit A.*

    10.     After the ruling on the District's Motion for Summary Judgment, the District made an offer of settlement and on May 1, 2008, rather than proceeding to a due process hearing, the parties entered into a Settlement Agreement and Release that resolved all issues, other than the issue of attorneys' fees, by providing that the District fund the cost of a psychoeducational

IEE and convene an IEP meeting to consider the IEE within 30 days of receipt of the evaluation. *See, Settlement Agreement and Release, a true and correct copy of which is attached hereto as Exhibit B.*

11.    20 U.S.C. 1415(i)(3)(B) provides in pertinent part:

    **(i)    ...In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs:**

        **(I)    to a prevailing party who is the parent of a child with a disability;**

12.    "The IDEA's fee-shifting provision allows attorney's fees to the party that prevails "[i]n any action or proceeding" brought under the IDEA. 20 U.S.C. § 1415(i)(3)(B). As other courts have noted, the word "proceeding" as used in other parts of the statute refers to administrative or due process hearings. *See, e.g., id.* § 1415(d)(2)(F) & (k)(7)(C)(I)." *T.D. v. LaGrange School Dist.*, 349 F.3d 469.478 (7th Cir. 2003).

13.    The District's Motion for Summary Judgment and subsequent ruling created sufficient judicial imprimatur to confer "prevailing party" status for SARA. As a result of the District's Motion for Summary Judgment being denied, the District made an offer of settlement and the parties entered into the Settlement Agreement and Release, thereby granting SARA'S original request for an IEE at District expense.

13.    Based on the District's stated position that it will not pay SARA'S attorneys' fees because it does not believe that SARA is entitled to fees in this matter, as set forth in the Settlement Agreement attached hereto as Exhibit "B", SARA is not submitting a Joint Statement pursuant to IL Fed.R.Civ.P. 54. SARA has attached as Exhibit "C," a Statement for Professional Services detailing all time reasonably spent in furtherance of SARA'S request for an IEE at

3

District expense up to and including the entry of the Settlement Agreement. The same represents

the reasonable attorneys' fees and costs incurred by SARA in these proceedings.

14. This Fee Petition does not include fees incurred in the preparation of this Petition.

**WHEREFORE**, the Petitioner, SARA BASSMAN, requests as follows:

A. That this Honorable Court enter an order requiring the Respondent, Chicago

Public Schools, SD #299, to pay to Wayne and Jemilo the amount of $16,804.50 instanter and a

Judgment as required to effectuate this order;

B. For what other or further relief this Court deems equitable and just.

By: WAYNE AND JEMILO
for SARA BASSMAN

WAYNE AND JEMILO

WAYNE AND JEMILO
134 North LaSalle Street, Suite 1200
Chicago, Illinois 60602
(312) 332-2919

4

**ILLINOIS STATE BOARD OF EDUCATION**
**IMPARTIAL DUE PROCESS HEARING**

2-28-08

| | | |
|---|---|---|
| CITY OF CHICAGO PUBLIC SCHOOLS, DISTRICT 299, Local School District, | ) ) ) | CASE NO. 2008-0216 |
| v. | ) ) ) | MARY SCHWARTZ Due Process Hearing Officer |
| SARA BASSMAN, Student. | ) ) | |

## INTERIM ORDER: DISTRICT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the undersigned hearing officer on the district's Motion for Summary Judgment. This hearing officer has jurisdiction over this matter pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400 *et. seq.,* the Illinois School Code, 105 ILCS 5/14-8.02a *et. seq.,* and 23 Ill. Adm. Code § 226.600 *et. seq.*

PROCEDURAL BACKGROUND

On November 14, 2007, the City of Chicago Public Schools District 299 ("CPS") filed a due process request, based on its disagreement with the parents' request for an Independent Educational Evaluation ("IEE") at public expense of the student. In its due process request, the district asserts that its May 2006 evaluation of the student was appropriate and that it is "ready, willing and able" to conduct a special full, individual evaluation of the student.

The parents filed their response, through their attorney, on November 26, 2007. The parents contend that they have repeatedly asked the CPS for an IEE since July 12, 2007, and that the CPS has not responded to their repeated requests.

The parties participated in mediation on January 4, 2008; however, the mediation was unsuccessful. On January 8, 2008, the CPS filed its Motion for Summary Judgment ("Motion"). The hearing officer set a schedule for the parents' response and the CPS' reply. Although the parties initially stated that they did not want an oral argument, on January 28th, the parents requested an oral argument. The hearing officer granted the parents' request, and the oral argument was held on February 20th. The CPS provided a court reporter for the oral argument.



EXHIBIT
*A*

POSITIONS OF THE PARTIES

According to the CPS, the only material facts in this matter are that the student has a disability and that she currently attends Keshet School, a private school located in Northbrook, Illinois, where her parents placed her in 2006. Based on these facts, the CPS asserts that the student is a parentally-placed private school student with a disability, as defined at 34 C.F.R. § 300.130. The student's status as a parentally-placed private school child with a disability is dispositive of this matter, the CPS argues, and entitles it to summary judgment as a matter of law. The CPS contends that as a parentally-placed private school student with a disability, the student is not entitled to the IDEA's procedural safeguards, including an IEE at public expense, or to a free appropriate public education ("FAPE"). While a parentally-placed private school student does have the right to file a due process request on child find requirements, the CPS contends that it found the student eligible for special education and related services when the student was attending school within her district of residence and that any child find complaints she might have currently must be filed with Northbrook, the serving district. The CPS further asserts that should an IEE be considered as part of the proportionate share funds that a local educational agency ("LEA") is required to spend on parentally-placed private school students, the responsible LEA in this instance is Northbrook, where the student's private school is located.

The parents see things differently. As to material facts, they claim that the student attended CPS between the ages of 3 and 6, when they withdrew her because of an acute regression and enrolled her at Keshet. They assert that although they have been asking the CPS to evaluate the student and develop an IEP for her since July 2007, the CPS has not responded in a timely manner to their requests. Because of this delay, the parents question whether the district is "ready, willing and able" to conduct a full and individual evaluation of the student, as it claims in its due process request. Moreover, they argue that they disagree with the CPS' 2006 evaluation of the student, which they contend is one of the material facts at issue in this matter. Finally, the parents assert that they have never told the CPS that they intend to keep the student at Keshet. The parents also argue that the CPS' analysis of the law relevant to this matter is flawed. They assert that the student's status is irrelevant to their request for an IEE at public expense and point to interpretive guidelines issued by the U.S. Department of Education, Office of Special Education and Rehabilitative Services ("OSERS") for support of their position.

STATUTORY AND REGULATORY FRAMEWORK

The purpose of the IDEA is to "ensure that all children with disabilities have available to them a free appropriate public education" and to "ensure that the rights of children with disabilities and parents of such children are protected." 20 U.S.C. § 1400(d)(1)(A),(B). A state is eligible to receive federal funding if its

educational policies and procedures effectuate the Act's purposes in a number of ways. A state must ensure that a free appropriate public education ("FAPE") is available to all children with disabilities residing in the state between the ages of 3 and 21, inclusive. 20 U.S.C § 1412 (a)(1)(A). A state must also identify, locate and evaluate all children with disabilities, including children with disabilities that attend private schools, residing in the state who are in need of special education and related services. 20 U.S.C. § 1412(a)(3)(A). This requirement, known as child find, also applies to children with disabilities who have been placed by their parents in private elementary and secondary schools, including religious schools. 20 U.S.C. § 1412 (a)(10)(A)(ii). A state must also ensure that "(c)hildren with disabilities and their parents are afforded the procedural safeguards required by Section 1415 of this title." 20 U.S.C. § 1412(a)(6)(A).

Among the procedural safeguards guaranteed to children with disabilities and their parents with respect to the provision of a FAPE is the right to obtain an independent educational evaluation of the child. 20 U.S.C. § 1415(b)(1). A parent of a child with a disability has the right to an independent educational evaluation at public expense if the parent "disagrees with an evaluation obtained by the public agency," subject to the following conditions: "(i)f a parent requests an independent educational evaluation at public expense the public agency must, without unnecessary delay, either – file a due process complaint to request a hearing to show that its evaluation is appropriate; or (e)nsure that an independent educational evaluation is provided at public expense, unless the agency demonstrates in a hearing pursuant to §§300.507 through 300.513 that the evaluation obtained by the parent did not meet agency criteria. 34 C.F.R. § 300.502(b)(1), (2). In Illinois, a school district has five days from receipt of a written parental request for an IEE to file a due process hearing request to show that its evaluation is appropriate. 105 ILCS 5/14-8.02(b).

Parentally-placed private school children with disabilities are children with disabilities who have been enrolled by their parents in private non-profit schools, including religious schools. 34 C.F.R. § 300.130. Each LEA[1] "must locate, identify, and evaluate all children with disabilities who are enrolled by their parents in private, including religious, elementary schools and secondary schools located in the school district serviced by the LEA."[2] 34 C.F.R. § 300.130(a). "No parentally-placed private school child with a disability has an individual right to receive some or all of the special education and related services that the child

---

[1] A local educational agency is "a public board of education or other public authority legally constituted within a State for either administrative control or direction of, or to perform a service function, public elementary or secondary schools in a city, county, township, school district, or other political subdivision of a Sate..." 34 C.F.R. § 300.28(a).

[2] The term "serving LEA" will be used throughout this decision to designate the LEA in which the private school is located that a parentally-placed child with disabilities attends. "Northbrook" will be used to designate the specific serving LEA in this dispute. The term "LEA of residence" will be used to designate the LEA in which the parentally-placed child with disabilities resides, but does not attend school. "CPS" will be used to designate the specific LEA of residence in this matter.

would receive if enrolled in a public school." 34 C.F.R. § 300.137(a). Rather, such students are entitled to equitable participation in accordance with an individual services plan, developed with the LEA in which the private school is located. 34 C.F.R. § 300.138.

The IDEA's due process procedures – including the procedural safeguards and the filing of a due process complaint – "do not apply to complaints that an LEA has failed to meet the requirements of §§ 300.132 through 300.139, including the provision of services indicated on the child's service plan."[3] 34 C.F.R. § 300.140(a)(1). However, "(t)he procedures in §§ 300.504 through 300.519 apply to complaints that an LEA has failed to meet the child find requirements in § 300.131, including the requirements in §§ 300.300 through 300.311." 34 C.F.R. § 300.140(b)(1). A complaint alleging a child find violation as to a parentally-placed private school child with a disability "must be filed with the LEA in which the private school is located." 34 C.F.R. § 300.140(b)(2).

DISCUSSION

Although the IDEA delineates issues on which a parent or district can file a due process complaint and procedural safeguards for parties to a hearing, it is silent as to procedural rules that govern a hearing, except for a couple pre-hearing procedures. See, 20 U.S.C. § 1415(c)(2)(A), (E). The Office of Special Education Programs ("OSEP") of the U.S. Department of Education has stated that "decisions regarding the conduct of Part B due process hearings are left to the discretion of the hearing officer." *Letter to Anonymous*, 23 IDELR 1073 (OSEP 1994). Some states have enacted administrative procedural rules that grant hearing officers the authority to entertain summary judgment motions in due process hearings. See *Boston Public Schools*, 39 IDELR 20 (Ma. SEA 2003); *Gwinnett County Sch. Dist.*, 39 IDELR 55 (Ga. SEA 2003). Illinois is not among these states. Because Illinois has not provided express authority for hearing officers to entertain summary judgment motions, the decision to do so is within the hearing officer's discretion. In this matter, since both parties are represented by experienced counsel, the undersigned has decided to hear and decide the district's Motion.

The parties herein agree that the following facts are not in dispute: the student, whose birth date is June 3, 2000, resides with her parents in Chicago,

---

[3] The requirements in these sections include that an LEA must: 1) provide services pursuant to a service plan (34 C.F.R. § 300.132); 2) spend a proportionate amount of funding on parentally-placed children with disabilities attending private school in the LEA (34 C.F.R. § 300.133); 3) consult with private school representatives regarding the development and design of special education and related services (34 C.F.R. § 300.134); 4) written affirmation of timely and meaningful consultation with private schools (34 C.F.R. § 300.135); 5) compliance by the LEA with applicable private school provisions (34 C.F.R. § 300.136); 6) the determination and provision of equitable services (34 C.F.R. §§ 300.137, 300.138); and, 6) the location of services and transportation (34 C.F.R. § 300.139).

Illinois; because the student is a Chicago resident, the CPS District 299 is her resident school district; the student attended the CPS between 2003 and 2006; the CPS initially found the student eligible for special education and related services in 2003; in 2006, the CPS again found the student eligible for special education and related services; the student began attending Keshet School in the fall of 2006; Keshet School is a private school located in Northbrook, Illinois; the student's parents enrolled her as a non-attending student at Rogers Park Elementary School, a CPS, in September 2007; the parents, through their attorney, wrote a letter to CPS Superintendent Duncan on November 7, 2007, requesting an IEE at public expense for the student; the CPS filed a due process request on November 14, 2007, to contest the parents' request for an IEE at public expense; and, the parties participated in state-sponsored mediation on January 4, 2008, which did not resolve their dispute.

A party is entitled to summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Blickle v. St. Charles Comm. Unit Sch. Dist. No. 303*, 20 IDELR 167 (N.D. Ill., 1993). The record, and inferences drawn therefrom, must be viewed in a light most favorable to the non-moving party. *Id.*

The CPS' assertion that the only material fact in this matter is that the student attends Keshet is incorrect. The parents requested an IEE at public expense because they disagree with the 2006 CPS evaluation of the student. Their request for an IEE at public expense is the basis of the CPS' due process request; therefore, their request and reasons for it are material to this dispute. In addition to disagreeing with the 2006 evaluation, the parents assert that they are entitled to an IEE because the CPS has delayed responding to their requests to evaluate the student for over four months. Thus, they question whether the CPS really is "ready, willing and able" to conduct the full and individual evaluation it has offered to the student on at least three occasions: in its November 14, 2007, due process request letter to the ISBE; in its January 8, 2008, Motion for Summary Judgment; and, in its February 11, 2008, Reply to Parents' Response to Motion for Summary Judgment. Finally, the parents contend that they have never told the CPS that they intend to keep the student at Keshet. Viewing the record in a light most favorable to parents, there are genuine issues of material fact.

Moreover, a careful reading of the IDEA and its implementing regulations yields a different analysis than that offered by the CPS. The IDEA requires that children with disabilities and their parents are guaranteed the procedural safeguards required in the Act, one of which is the right to an IEE. 20 U.S.C. §§ 1412 (a)(6)(A) 1415(b)(1). The only condition placed a parent's right to request an IEE at public expense is that the parent must disagree with an evaluation obtained by the LEA. 34 C.F.R. § 502(b)(1). The parents in this matter contend that they made a written request for an IEE at public expense to the CPS superintendent because they disagree with the CPS' 2006 evaluation of the

student.  The evaluation with which the parents disagree occurred with the IDEA's two year statute of limitations.  20 U.S.C. § 1415(b)(6)(B).

The federal regulations relating to parentally-placed private school children with disabilities restrict the IDEA's required procedural safeguards *only* as to "complaints that an LEA has failed to meet the requirements of §§ 300.132 through 300.139, including the provision of services indicated on the child's service plan."  34 C.F.R. § 300.140(a)(1).   The parents of this student are not asserting that the serving LEA violated any of the provisions regarding services, expenditures, consultation, affirmation, equitable services or the location of services.   The interpretation of this provision suggested by the CPS goes against the plain meaning of this provision and, if accepted, would contravene one of purposes of the IDEA.  This provision is clear on its face and must be applied as written

Nor are the parents contending that the serving LEA failed to meet its child find responsibilities.  If they were, the CPS correctly states that such a complaint must be filed with Northbrook, the serving district.  Their only request is to have their LEA of residence – the CPS –provide an IEE at public expense because they disagree with its 2006 evaluation of the student.

For the foregoing reasons, the CPS' Motion for Summary Judgment is denied.

ISSUED:  February 27, 2008

Mary Schwartz
Due Process Hearing Officer

## CERTIFCATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Interim Order: District's Motion for Summary Judgment was placed in the U.S. mail at Chicago, Illinois, with first class postage prepaid and direct to:

Ms. Candace Wayne, Esq.
Wayne and Jemilo
134 North LaSalle Street, Ste. 1200
Chicago, Illinois 60602

Ms. Cynthia Hansen, Esq.
Due Process & Mediation
Chicago Public Schools
125 South Clark Street, 8th Floor
Chicago, Illinois 60603

Mr. Andrew Eulass
Due Process Coordinator
Illinois State Board of Education
100 North First Street
Springfield, Illinois 62777-0001

before 6:00 p.m. on February 27, 2008.

Mary Schwartz
Due Process Hearing Officer
6116 S. University Avenue, 2N
Chicago, Illinois 60637
773.684.3035 (voice & facsimile)
708.912.0755 (cellular)
maryschwartz@gmail.com

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into as of the last dates set forth below, by and between Rebecca and Doug Bassman ("Parents") and the Board of Education of Chicago Public Schools, District No. 299 ("District").

## WITNESSETH:

**WHEREAS**, Rebecca and Doug Bassman are the Parents of Sara Bassman; and

**WHEREAS**, Sara was a student enrolled in the District until June 2006, and during that time was determined eligible for special education and related services and an individualized education program ("IEP") was developed for her ; and

**WHEREAS**, on November 7, 2007, the Parents submitted a request for an Independent Educational Evaluation ("IEE") at District expense and on November 14, 2007, the District submitted a request for a due process hearing to demonstrate the appropriateness of the District's evaluation and to challenge the Parents' request for an IEE, which hearing is currently pending before Illinois State Board of Education ("ISBE") Hearing Officer Mary Schwartz as ISBE Case No. 2008-0216; and

**WHEREAS**, the District submitted a Motion for Summary Judgment on January 8, 2008, which, following briefing and oral argument, was denied by the Hearing Officer on February 27, 2008; and

**WHEREAS**, this matter is set for a hearing on the merits on May 2, 2008; and

**WHEREAS**, the parties have agreed to negotiate the terms and conditions of a settlement to resolve all issues – other than the issue of attorneys' fees – rather than to proceed to a due process hearing; and

**WHEREAS**, the District and Parents desire to and are mutually agreeable to settling the dispute between the parties concerning the appropriateness of the evaluation(s) conducted by the District as further detailed herein.

**NOW, THEREFORE**, in consideration of the promises and mutual undertakings and agreements of the parties hereto, it is agreed as follows:

1.    **Recitals**. The recitals set forth above are hereby adopted as if fully set forth herein.



2.      **Payment of Independent Educational Evaluation.**  The District will fund the cost of a psychoeducational IEE as detailed within this paragraph.  The District will reimburse up to $3,000.00 towards the cost of cognitive functioning and academic achievement testing to be conducted by Dr. Richard Aronoff.  The Parents understand that a "Supplier's Application for Chicago Public Schools Vendor Number" must be completed for payment.  Prior to payment, the District must receive a copy of the evaluation, a copy of an invoice documenting the actual cost of the evaluation, and the supplier's application for payment.  Payment, not to exceed $3,000.00, will be paid within 60 calendar days of the later of 1) execution of this Agreement or 2) receipt of the evaluation, invoice, and vendor application.

3.      **IEP Meeting.**    The District agrees that it will convene an IEP meeting to consider the IEE within 30 days of receipt of the report from Dr. Aronoff.  By mutual agreement, the parties may convene the IEP meeting sooner than 30 days from the receipt of the report from Dr. Aronoff if both parties are in agreement and such can be arranged.

4.      **Release.**  In consideration of the promises made herein, the Parents, individually and as Parents and guardians of Sara Bassman, release, acquit, and forever discharge the District; its board members, in their official and individual capacities; and its agents, servants, attorneys, and employees, in their individual and official capacities, from any and all claims, demands, and all causes of action concerning 1) the appropriateness and completeness of the evaluations conducted by the District in spring 2006 and considered at the May 2006 IEP meeting for Sara; and 2) any allegation that the District did not timely respond to requests for an evaluation during the time between June 2007 and November 2007, whether in law or equity, which have or may have accrued against the Board under the IDEA, 20 U.S.C. §1400, *et seq.*, and The School Code, 105 ILCS 5/1 *et seq.*, and/or their implementing regulations, and/or any other state or federal law related to individuals with disabilities, including, but not limited to the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*, or the Rehabilitation Act of 1973, 29 U.S.C. §794 up through the date of this Agreement.  The Parents represent and warrant that they have not initiated any other hearing requests or lawsuits, other than the hearing request described herein.  The Parents agree that they shall never institute, or cause to be instituted, any suit, appeal or action at law, equity, administrative or otherwise, before any federal, state or local court or administrative agency against the District relating to the appropriateness of the evaluations conducted or not conducted

2

concerning Sara up through the date of this Agreement. This release does not apply to the issue of attorneys' fees and costs, which the Parents intend to pursue in a separate proceeding.

5.    **Attorneys' Fees**. Payment of attorneys' fees and costs is not included as a part of this Agreement. The parties disagree as to whether the Parents may seek or recover reasonable attorneys' fees and costs. If the Parents pursue a Complaint for reasonable attorneys' fees and costs, as they have indicated that they intend to do, the District reserves its right to challenge the fee Complaint under all bases available to it to defend such an action. The Parents reserve the right to support their request for fees under all bases available to pursue such an action including all facts in this case.

6.    **Pending Claims**. The District agrees to withdraw its pending due process hearing request within seven (7) calendar days after the execution of this Agreement.

7.    **No Admission**. The District and Parents acknowledge that the settlement of the above-described matters does not constitute an admission of wrongdoing or liability by the District or any of its employees, attorneys, agents, or representatives or by the Parents. The District and its employees, attorneys, agents, and representatives specifically disclaim any liability to, or any unlawful conduct against the Parents and/or the Student. The District is entering into this Agreement for the sole purpose of resolving the claims referred to herein and to avoid the burden, expense, delay and uncertainty of the litigation. The Parents are entering into this Agreement for the sole purpose of resolving the issue of payment of the Parent-chosen evaluator to conduct an IEE and to ensure that the IEE is commenced without delay. Neither this Agreement, nor any of the terms hereof, nor any IEP or other documentation developed to implement this Agreement, shall be offered or received in evidence in any civil or administrative action or proceeding as an indication that the District violated the IDEA and/or the School Code; their implementing regulations; the Rehabilitation Act; or the Americans with Disabilities Act.

8.    **Complete Understanding**. This Agreement sets forth all the promises, agreements, conditions and understandings between the Parents and the District relative to the subject matter hereof, and there are no promises, agreements or undertakings either oral or written, expressed or implied, between them other than as set forth herein.

9.    **Confidential Agreement**. The parties agree that the terms and conditions of this Agreement shall be maintained confidentially and not relayed to any third party except as required by law

3

or as may be necessary to enforce the terms of this Agreement or to pursue or defend a petition for attorneys' fees and costs. The parties acknowledge that Dr. Aronoff will be provided the information contained within Paragraph 2 of the Agreement. Evidence of breach of this provision of the Agreement shall be deemed a material breach.

10. **Modifications, Construction, and Choice of Law**. This Agreement may be modified only in writing by agreement of both the Parents and the District. If any court of competent jurisdiction determines that one or more sections of this Agreement are ambiguous, such ambiguities shall not be construed against the drafter of this Agreement solely by reason of the status of "drafter" of the Agreement. Further, if any court of competent jurisdiction determines that one or more sections of this Agreement are not legally enforceable, such section(s) shall be severed and the remaining provisions deemed enforceable. This Agreement shall be interpreted in accordance with the laws of the State of Illinois.

11. **Entering Freely into this Agreement.** By their signatures below, the Parties represent that they each have read this Agreement fully and have had the opportunity to discuss this Agreement thoroughly with counsel of their own choosing. The Parties further represent that they have each entered into this Agreement freely and without compulsion or coercion.

THEREFORE, the Parties cause this Agreement to be executed on the dates written below:

PARENTS:                                   CHICAGO PUBLIC SCHOOLS, DISTRICT # 299

DOUG BASSMAN, on his own behalf            LUIS A. RODRIGUEZ
and as Parent and next friend of           Director, Due Process and Mediation
SARA BASSMAN

REBECCA BASSMAN, on her own behalf
and as Parent and next friend of
SARA BASSMAN

DATE: 4/23/08                              DATE: 5/1/08

Approved:

Candace Wayne, Parents' Attorney

4

LAW OFFICES
# WAYNE AND JEMILO
134 NORTH LASALLE STREET
SUITE 1200
CHICAGO, ILLINOIS  60602

CANDACE J. WAYNE
JOHN J. JEMILO
ELIZABETH A. CALL
ANNIE RICCI TAYLOR

TELEPHONE:  312 332-2919
FACSIMILE:  312 332-3336

June 02, 2008

Rebecca Bassman
2844 W. Touhy
Chicago ILLINOIS 60645

### STATEMENT FOR PROFESSIONAL SERVICES

| | | | Hours | Amount |
|---|---|---|---|---|
| 11/4/2007 | CJW | Review all communication, statute, emails, and draft letter to Duncan | 1.75 | 437.50 |
| 11/6/2007 | CJW | Final revisions | 0.55 | 137.50 |
| 11/21/2007 | ART | Rec. and reviewed correspondence from due process mediator. Called mediator re: complaint and response due date.  Discussed with CJW | 0.20 | 50.00 |
| 11/26/2007 | CJW | Received scheduling order from Schwartz, review regs, call to Rodriquez, call from Schwartz and email from Schwartz and response. | 0.45 | 112.50 |
| 11/30/2007 | CJW | Emails back and forth regarding scheduling the conference  call and parameters and email to Doug and message to RB | 0.30 | 75.00 |
| | CJW | Preparation for conference call at 4 (review mediation position) and speak with RB regarding payment and work status | 0.35 | 87.50 |
| | CJW | Phone conference with CH and MS. | 0.20 | 50.00 |
| 12/3/2007 | CJW | Received email from Cosgrove regarding appt of mediator and follow up to set conference call. | 0.15 | 37.50 |
| 12/4/2007 | CJW | Work on mediation hearing. | 0.40 | 100.00 |
| 12/7/2007 | CJW | Calls to Hansen regarding mediation | 0.05 | 12.50 |
| 12/13/2007 | CJW | Message to Rebecca and additional telephone conference with CH regarding meeting. | 0.20 | 50.00 |
| | CJW | Additional emails regarding prehearing and mediation | 0.35 | NO CHARGE |
| 12/17/2007 | CJW | Review of all data, notes regarding evaluator, questions for hearing and questions for Aronoff, Lisa and Rebecca | 1.35 | 337.50 |
| 12/19/2007 | CJW | Telephone conference with RB and  notes for mediation | 0.45 | 112.50 |
| 12/28/2007 | CJW | Mediation preparatio | 1.50 | 375.00 |
| 1/2/2008 | CJW | Final preparation for mediation | 4.25 | 1,062.50 |
| 1/3/2008 | CJW | Review of labels and final prep. | 1.25 | 312.50 |
| 1/4/2008 | CJW | Meeting with Rebecca and mediation | 2.50 | 625.00 |
| | CJW | Telephone conference with Aronoff regarding insurance, check into Terry F., review IEE new cases. | 0.20 | 50.00 |
| 1/7/2008 | CJW | Note from CH regarding summary and emails to Schwartz. | 0.20 | 50.00 |
| | CJW | Preparation of witness and document lists | 1.75 | 437.50 |
| | CJW | Prepare chart of evaluation requests | 0.85 | 212.50 |
| 1/8/2008 | CJW | Pre-Hearing Conference | 0.50 | 125.00 |
| | CJW | Review of their summary motion and research | 1.00 | 250.00 |
| 1/9/2008 | ART | Conducted research re: mot. for summary judgment | 0.80 | 200.00 |
| 1/10/2008 | CJW | Review articles on the issue, emails with SG and Weber from DePaul and research for the article we need for the summary | 1.35 | 337.50 |

EXHIBIT

C

Rebecca Bassman                                                              Page 2

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 1/16/2008 | CJW | Review summary cases, email to Hansen regarding no response, review memo regarding private schools and draft outline for summary response | 1.45 | 362.50 |
| 1/25/2008 | CJW | Read all materials, calls to Department of Ed, review of cases, review the Q and A and draft | 7.00 | 1,750.00 |
| 1/28/2008 | CJW | Final revisions, do the affidavit and the exhibits | 0.55 | 137.50 |
| 1/29/2008 | CJW | Supervise the exhibit attachments and the email and faxing | 0.35 | 87.50 |
|  | CJW | Additional revisions to response, note to MS and review of the case referred | 2.00 | 500.00 |
|  | CJW | Additional revisions to response, note to MS and review of the case referred | 2.00 | 500.00 |
| 1/30/2008 | CJW | Emails with MS regarding scheduling oral argument | 0.15 | 37.50 |
| 2/5/2008 | CJW | Message to due process regarding why not hearing back from Hansen in over a week and a half regarding the date for oral argument | 0.10 | 25.00 |
| 2/12/2008 | CJW | Additional research and Motion and attachments and email | 1.00 | 250.00 |
|  | CJW | Review District Response and research CPS memos on this issue and review with staff | 1.45 | 362.50 |
| 2/17/2008 | CJW | Preparation for argument on Wednesday | 4.00 | 1,000.00 |
| 2/20/2008 | CJW | Organize docs for today; review all law, notes regarding argument, review cases again | 4.00 | 1,000.00 |
|  | CJW | Hearing on summary | 1.35 | 337.50 |
|  | CJW | Oral Arguements for CPS' Motion for Summary Judgment | 1.25 | NO CHARGE |
| 2/21/2008 | CJW | Letter to Schwartz regarding the docs from yesterday | 0.30 | 75.00 |
| 3/5/2008 | CJW | Start work on documents | 0.45 | 112.50 |
| 3/7/2008 | CJW | Work on witness list | 0.55 | 137.50 |
|  | CJW | Memo to Bassmans regarding status | 0.15 | 37.50 |
| 3/10/2008 | CJW | Complete going through emails and commun to decide what to use for exhibits | 0.40 | 100.00 |
| 3/12/2008 | CJW | Review all memos regarding conversations and other notes about contacts and requests for eval and IEP, complete the witness and document lists | 1.35 | 337.50 |
|  | CJW | Put the trial notebook together | 2.20 | 550.00 |
| 3/13/2008 | CJW | Final edit of witness list and email to MS | 0.25 | 62.50 |
| 3/14/2008 | CJW | Received and reviewed CH's materials and email from Cynthia regarding fees objections and response and review our IEP materials | 1.25 | 312.50 |
|  | CJW | Pre hearing conference | 0.40 | 100.00 |
| 3/19/2008 | CJW | Review cases on equitable relief | 1.25 | 312.50 |
|  | CJW | Received of order and review and send to RB with explanation | 0.15 | 37.50 |
| 3/20/2008 | CJW | Review CPS documents received via email today and compare our copy of the IEP with what they sent | 1.25 | 312.50 |
| 3/21/2008 | CJW | Review New York case and cited cases (1.30) and respond to CH email regarding revision to order (.20 | 1.50 | 375.00 |
|  | CJW | Emails regarding the order | 0.25 | 62.50 |
| 3/24/2008 | CJW | Telephone conference with CH regarding settlement | 0.15 | 37.50 |
| 4/4/2008 | CJW | Review of emails from Cynthia regarding mediaiton issue and review of written Settlement Document | 0.20 | 50.00 |
|  | CJW | Review regs again, email to CH and follow call to CH | 0.35 | 87.50 |
| 4/7/2008 | CJW | Review of agreement, draft revisions and letter to Cynthia | 1.25 | 312.50 |
| 4/9/2008 | CJW | Emails back and forth regarding scheduling and settlement | 0.20 | 50.00 |

Rebecca Bassman                                                          Page 3

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 4/9/2008 | CJW | Call to Cynthia Hansen letting her know that I am available to speak and offering that she call my cell phone tonight to discuss the agreement so that we can get is signed and move forward with the IEE | 0.05 | 12.50 |
| 4/10/2008 | CJW | Received CH's email, with letter, revised draft in redline, and final draft, reviewed all and notes regarding changes, District changed their draft after our proposed changes, draft revisions and letter to Cynthia and telephone conference with RB | 2.25 | 562.50 |
| 4/15/2008 | CJW | Review all drafts of set agree/Cynthia's letter of today, compare and draft notes for telephone conference with CH regarding final revisions | 1.25 | 312.50 |
|  | CJW | Revisions to CH let regarding agreement | 0.25 | 62.50 |
| 4/16/2008 | CJW | Review revised agreement, compare, email to CH and to Bassmans to arrange signing | 0.35 | 87.50 |
| 4/21/2008 | CJW | Received original of 4.16 and 4.14 letters and agreements | 0.20 | 50.00 |
| 4/22/2008 | CJW | Telephone conference with RB regarding signing and explanation of provisions, follow up email to CH regarding IEP, response and reply | 0.35 | 87.50 |
| 4/23/2008 | CJW | Letter to CH with agreement and short meeting with RB | 0.25 | 62.50 |

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| Total Professional Services Rendered |  |  | 68.35 | $16,687.50 |

**ADDITIONAL CHARGES:**

| 11/7/2007 | Photocopying charges. | 50.00 |
|---|---|---|
|  | Messenger Service fee for delivery | 45.00 |
| 1/29/2008 | Photocopying charges. | 5.10 |
| 2/18/2008 | Photocopying charges. | 16.80 |
| Total costs |  | $116.90 |