IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THE SPECIAL EDUCATION OF )
SARA BASSMAN, )
  )
      Plaintiff, )
  )
      v. ) No. 08 C 3153
  )
CHICAGO PUBLIC SCHOOLS, )
DISTRICT # 299 )
  )
      Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Chicago Public Schools, SD #299's ("CPS") motion to dismiss. For the reasons stated below, we grant the motion to dismiss.

## BACKGROUND

Plaintiff alleges that Sara Bassman ("Bassman") was a student in the Chicago Public School System. In March 2006, CPS allegedly conducted a psychological evaluation of Bassman ("Evaluation"), and in May 2006, CPS allegedly prepared an Individualized Education Program ("IEP") for Bassman. Plaintiff contends that the Evaluation and IEP erroneously indicated that Bassman has a "mild cognitive

1

impairment." (Compl. Par. 2). Plaintiff contends that between July 2007 and October 2007, Plaintiff made efforts to get CPS to develop a new IEP for Bassman. On November 7, 2007, Plaintiff allegedly submitted a request for an Independent Educational Evaluation ("IEE") at the expense of CPS. On November 14, 2007, CPS submitted a request for a due process hearing to demonstrate the appropriateness of CPS's evaluation and to challenge Plaintiff's request for an IEE. An administrative process ("Administrative Proceedings") was initiated and, on February 27, 2008, after briefing and oral argument, the hearing officer ("Hearing Officer") allegedly issued an order denying CPS' motion for summary judgment. The parties then allegedly entered into a settlement pursuant to a private settlement agreement ("Settlement Agreement"). Plaintiff brought the instant action against CPS pursuant to the fee-shifting provision of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* requesting that the court order CPS to pay Plaintiff's counsel of the law firm Wayne and Jemilo, $16,804.50 in attorneys' fees. CPS moves to dismiss the instant action.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463,

466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). Under the current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "'provide the defendant with at least minimal notice of the claim,'" *Kyle*, 144 F.3d at 455 (quoting *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)), and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance*

*v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

**DISCUSSION**

CPS argues that Plaintiff cannot recover attorneys' fees under the IDEA since Plaintiff was not a prevailing party in the Administrative Proceedings. The IDEA provides that "[a]ny State educational agency, State agency, or local educational agency that receives assistance under [the IDEA] shall establish and maintain procedures in accordance with this section to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education by such agencies." 20 U.S.C. § 1415(a). Under the IDEA, if there is a complaint regarding a school's compliance with the IDEA, the IDEA provides "the parents or the local educational agency involved in such complaint" with the right to "an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency." 20 U.S.C. § 1415(f). The IDEA also provides that "[i]n any action or proceeding brought under [20 U.S.C. § 1415], the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability. . . ." 20 U.S.C. § 1415(f); (i)(3). A party can seek attorneys' fees in federal district court if the party prevails in a civil action or administrative proceeding brought under the IDEA. *In re William A. v. Rice Lake Area School Dist.*, 417 F.3d 704, 707 (7th Cir.

2005)(stating that the "IDEA's fee-shifting provision allows an award of reasonable attorneys' fees to the party who prevails in an administrative proceeding as well as an action in court"). The IDEA also specifically provides that "[t]he district courts of the United States shall have jurisdiction of actions brought under this section without regard to the amount in controversy." 20 U.S.C. § 1415(i)(3).

Plaintiff contends that Plaintiff prevailed in the Administrative Proceedings, and is thus a prevailing party in a "proceeding brought under" 20 U.S.C. § 1415. CPS argues that although Plaintiff prevailed in the Administrative Proceedings on CPS's motion for summary judgment, the ruling was merely an interim ruling and was not a final ruling on the merits. CPS also contends that a settlement does not confer prevailing party status on Plaintiff and that the Settlement Agreement did not contain any provision identifying Plaintiff as the prevailing party.

I. Interim Ruling

CPS argues that Plaintiff was not made a prevailing party by the denial of CPS's motion for summary judgment in the Administrative Proceedings. Plaintiff attempts to extrapolate certain meanings from the ruling denying CPS's motion for summary judgment. Plaintiff contends that the ruling shows that the Hearing Officer was convinced by Plaintiff's claims that the CPS was guilty of "foot-dragg[ing]," and that it can clearly be seen from the ruling that the Hearing Officer was on Plaintiff's side. (Ans. 7). However, Plaintiff fails to point to any actual ruling by the Hearing Officer stating that Plaintiff was the prevailing party on the merits. (Ans.7). The

5

denial of the motion for summary judgment in the Administrative Proceedings meant that the Hearing Officer denied CPS's request to prevail as a matter of law. The Hearing Officer specifically indicated that in ruling on CPS's motion, the Hearing Officer was merely determining whether there was a "genuine issue of material fact and [whether CPS] [was] entitled to judgment as a matter of law." (Hearing Ruling 5). The Hearing Officer did not enter judgment in favor of Plaintiff and the ruling merely meant that the case would proceed to a full hearing on the merits of the dispute. 20 U.S.C. § 1415(f). Thus, the denial of CPS's motion for summary judgment did not make Plaintiff the prevailing party on the merits of the dispute, which is what is clearly contemplated under the IDEA. *See, e.g., T.D. v. LaGrange School Dist. No. 102*, 349 F.3d 469, 478 (7th Cir. 2003).

II. Settlement of Dispute

CPS argues that the parties settled the disputed issues in the Administrative Proceedings and thus Plaintiff was not a prevailing party. A party is deemed to be a prevailing party under the IDEA when the party "obtains 'actual relief on the merits' of a claim that 'materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *In re William A.*, 417 F.3d at 707-08 (quoting in part *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). Plaintiff argues that while the parties were conducting settlement discussions, CPS "offer[ed] to pay for the evaluation and set the IEP as requested by the Bassmans," but CPS refused to agree to pay Plaintiff's attorneys' fees. (Ans. 2).

6

Plaintiff contends that their counsel "was left with the dilemma of choosing to reject CPS's offer and thereby deny [Bassman] an IEE and IEP as soon as possible or proceed to Due Process, further delaying the IEE and IEP and possibly further prejudicing the education of this child." (Ans. 2). Plaintiff claims that its counsel decided to settle the case in a private settlement agreement and pursue the attorneys' fees in a civil action, which was allowed under the terms of the Settlement Agreement.

CPS argues that a party cannot be a prevailing party if there is a settlement. Although, as indicated above, the Seventh Circuit provides that a party is a prevailing party if the party "obtains 'actual relief on the merits' of a claim,'" the Seventh Circuit has also stated that the relief must be obtained in the ultimate form of some judicially sanctioned resolution. The Seventh Circuit has stated specifically in regard to being a prevailing party under the IDEA fee-shifting provision that "to be a 'prevailing party' a litigant must have obtained a judgment on the merits, a consent decree, or some similar form of judicially sanctioned relief." *T.D.*, 349 F.3d at 478 (7th Cir. 2003)(citing *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603-04 (2001). The Seventh Circuit has also specifically indicated that "'[p]rivate settlement agreements do not entail the judicial approval and oversight involved in consent decrees'" and that "private settlements do not involve sufficient judicial sanction to confer 'prevailing party' status." *Id.* (quoting in part *Buckhannon Bd. & Care Home*, 532 U.S. at 604). Although Plaintiff contends that it succeeded in getting CPS to agree to pay for an IEE, which could

7

lead to a new IEP, Plaintiff has failed to point to any controlling precedent that would override the precedent set in *T.D. v. LaGrange School Dist. No. 102*.

We note that CPS indicated in its motion to dismiss that it was improperly named in the complaint and that the Defendant in this case is actually the Board of Education of the City of Chicago. (Mot. 1). However, such a correction is moot in light of the above ruling.

## CONCLUSION

Based on the foregoing analysis, we grant CPS's motion to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 29, 2008